IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MO'NIQUE SMITH, | ) | |
|     PLAINTIFF, | ) | 14-cv-05522 |
| | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | |
| | ) | Magistrate Judge Finnegan |
| ADAMS & ASSOCIATES, LLC, | ) | |
|     DEFENDANT. | ) | |

**RESPONSE AND MEMORANDUM TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Now Comes the Plaintiff, Mo'nique Smith (hereinafter "Smith"), by and through her attorney, Mike Goldberg of Goldberg Law Group, LLC, and as her Response and Memorandum to the Defendant's Motion to Compel Arbitration, states as follows:

1. While Smith does not dispute that the Employment Contract contains a provision requiring that employment issues, including claims of discrimination, be arbitrated, Smith believes that Defendant, Adams & Associates, LLC (hereinafter "A&A"), has waived the right to arbitrate by choosing to proceed and defend itself in this District Court proceeding.

2. Smith's initial Complaint in this case was filed on July 18, 2014. *Docket No. 1.*

3. A&A was served with the Complaint in September, 2014 and then, filed an Appearance in this case on October 3, 2014. *Docket No. 14.*

4. At the time that A&A filed its Appearance, it also filed a Motion to Dismiss Counts II (Sexual Harassment) and III (Discrimination) of the Complaint, and further sought dismissal of Roy Adams as a Defendant from all three of the Counts of the Complaint. *Docket No. 15.*

1

5. On October 3, 2014, A&A filed an Answer to Count I (Retaliation) of the Complaint. *Docket No. 18.*

6. On October 29, 2014, Michael Goldberg was appointed as legal counsel for Smith. *Docket No. 26.*

7. On December 12, 2014, Smith filed an Amended Complaint, including the Counts for Discrimination, Retaliation and Sexual Harassment, but which also pled the Counts in a format more relevant and succinct, as would be drafted by an attorney, and which broke the discrimination cause into three separate counts alleging discrimination in the workplace, denial of advancement and termination. *Docket No*. 29.

8. On January 13, 2015, A&A filed an Answer to all Counts in the Amended Complaint. *Docket No. 31*.

9. On February 20, 2015, this Honorable Court entered an order setting forth a discovery schedule, where fact discovery would close on June 20, 2015. *Docket No. 33*.

10. Both parties proceeded with drafting and serving the other party with Interrogatories and Requests to Produce, consistent with the Court's order of February 20, 2015. On April 17, 2015, A&A served upon Smith Interrogatories and a Request to Produce, attached hereto as *Exhibits A & B*.

11. On June 4, 2015, counsel for A&A, for the first time, filed a Motion to Compel Arbitration. *Docket No. 36.*

12. On June 17 and July 1, 2015, counsel for A&A argued before this Court that Mike Goldberg should be dismissed as appointed counsel for Smith, because another attorney has filed an appearance in this case. *Docket Nos. 40 and 41*.

13. On July 1, 2015, this Honorable Court denied the oral motion of counsel for A&A to dismiss Mike Goldberg as appointed counsel for Smith for the reasons set forth in the Court's Order of July 1, 2015. *Docket No. 41*.

14. The above referenced history of this case establishes that A&A appeared in this case; attempted to have Smith's harassment and discrimination claims dismissed from the Complaint; filed an Answer to all of the Counts of the Amended Complaint; initially participated in discovery by issuing Interrogatories and Requests to Produce; and orally attempted to have Mike Goldberg removed as appointed counsel for Smith. All of these actions are consistent with A&A consenting to proceed in this contested case before the District Court, and are not consistent with making the earliest feasible determination of whether to proceed judicially or by arbitration.

15. A party must, "do all it could reasonable have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration..." *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002), *citing Cabinetree of Wisconsin Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995).

16. A&A waited 8 months after appearing in this case to file a Motion to Compel Arbitration. In *Ernst & Young*, 304 F.3d, at 757, the Seventh Circuit Court of Appeals found 6 months to be an unreasonable period of time to wait before moving for a stay of a case pending arbitration.

17. The essential question to be determined in whether to enforce an arbitration provision is whether based upon the circumstances, the moving party has acted inconsistently with the

right to arbitrate. *St. Mary's Medical Center v. Disco Aluminum Prod. Co.,* 969 F.2d 585, 588 (7th Cir. 1992).

18. The filing of a Motion to Dismiss is not consistent with a claim to arbitrate, nor is the filing of an answer, the issuance of fact discovery, and twice attempting to remove appointed counsel. *See, Kawasaki Heavy Ind. Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) ("diligence or lack thereof should weigh heavily in the decision…Other factors include whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration or participated in discovery.), citing *Cabinetree*, 50 F.3d, at 391 and *St. Mary's*, 969 F.2d, at 589.

19. Where the moving party has failed to make the earliest feasible determination of whether to proceed judicially or by arbitration, and acted inconsistently with arbitrating the matter, the party has waived the right to move for arbitration. *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, (7th Cir. 2002); *Cabinetree of Wisconsin Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995); *St. Mary's Medical Center v. Disco Aluminum Prod. Co.,* 969 F.2d 585 (7th Cir. 1992).

For all of the foregoing reasons, the Defendant's Motion to Compel Arbitration must be denied.

Respectfully Submitted;

By: /s/Michael K. Goldberg
Michael K. Goldberg
Atty. No. 6210821
Goldberg Law Group, LLC
120 S. Riverside Plaza, Suite 1675
Chicago, Il 60606
(312) 930-5600

4

(312) 930-0944 (fax)