IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MO'NIQUE SMITH, | ) | |
|     Plaintiff, | ) | Case No. 14 C 5522 |
| | ) | |
|     v. | ) | Judge Joan B. Gottschall |
| | ) | |
| ADAMS & ASSOCIATES, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mo'nique Smith, who is proceeding with the assistance of recruited counsel, contends that her former employer, defendant Adams & Associates, discriminated against her and retaliated against her in violation of Title VII. Adams & Associates has moved to compel arbitration based on an arbitration provision in the employment agreement Smith signed. Smith asserts that Adams & Associates waived its right to rely on the arbitration provision. For the following reasons, the motion is denied.

### I. BACKGROUND[1]

Plaintiff Mo'nique Smith is a former employee of defendant Adams & Associates, which operates a program that helps individuals learn job skills and earn a high school diploma or GED and assists with job placement. On August 6, 2013, Smith signed an employment agreement with Adams & Associates and initialed each page. (Employment Agreement, Dkt. 38, Ex. A.) The agreement contained the following provision regarding arbitration:

> In order to ensure rapid and economical resolution of any and all disputes directly or indirectly arising out of or in any way connected with my employment with the Company or the termination of that employment, I agree that any and all such disputes, whether of law or fact of any nature whatsoever, shall be resolved by final and binding arbitration

---

[1] The relevant facts are uncontested and are drawn from the amended complaint and the parties' submissions relating to the motion to compel arbitration.

> under the then existing American Arbitration Association (AAA) procedures for resolving employment disputes (except as noted herein).
>
> The Arbitrable Claims shall include, but not be limited to[,] any and all claims related to salary, bonuses, commissions, stock, stock options, or any other ownership interests in the Company, vacation pay, fringe benefits, expense reimbursements, severance benefits (if any), or any other form of compensation claims pursuant to any federal, state or local law or cause of action including, but not limited to, the Civil Rights Act of 1964, as amended; the Family and Medical Leave Act (FMLA); the employee Retirement Income Security Act (ERISA); the Age Discrimination in Employment Act of 1967, as amended (ADEA,); the Americans with Disabilities Act of 1980; the State (in which I am employed) antidiscrimination or fair employment law, as amended, tort law; contract law; wrongful discharge; discrimination; fraud; defamation; emotional distress; and breach of the implied covenant of good faith and fair dealing. However, the following claims are expressly excluded from this arbitration agreement and must be brought in a court of competent jurisdiction: (1) claims that may be brought in any small claims court having jurisdiction; and (2) claims that involve less than $10,000.00 in controversy. I also acknowledge and agree that any and all rights I may otherwise have to resolve such Arbitrable Claims by jury trial, by a count, or in any forum other than the AAA, are hereby expressly waived and that the Federal Arbitration Act (FAA) shall apply to the enforcement of the provision unless it is held inapplicable by a court with jurisdiction, [sic] over the dispute, an which event State (in which I am employed) law with regard to arbitration shall apply . . . .

*Id*.

Less than a year later, on April 16, 2014, Adams & Associates terminated Smith's employment. Smith filed a charge with the Equal Employment Opportunity Commission and cross-filed with the Illinois Department of Human Rights. On July 18, 2014, Smith filed a pro se employment discrimination lawsuit against Adams & Associates and its CEO, Roy Adams. Adams & Associates and Adams filed a motion to dismiss for failure to state a claim; Adams & Associates sought to dismiss some of the counts against it and Adams sought to dismiss all of the claims against him. Adams & Associates also answered one count of the original complaint.

Upon review of the motion to dismiss, the court recruited counsel to represent Smith. Smith's counsel filed an amended complaint that dropped Adams and mooted the motion to

dismiss, which was directed at the original complaint. In January 2015, Adams & Associates answered the amended complaint. The following month, the court set a fact discovery cut-off of June 20, 2015. The parties prepared and served written discovery. The record does not show when Smith served her discovery, but Adams & Associates served interrogatories and a request to produce in April 2015. (Dkt. 42-1; Dkt. 42-2.)

In June 2015, Adams & Associates filed a motion to compel arbitration. At status hearings in June and July 2015, counsel for Adams & Associates argued that plaintiff's recruited attorney should be dismissed because another attorney (apparently, Smith's attorney in a pending state court lawsuit) filed an appearance in this case. Specifically, during a status hearing on June 17, 2015, defense counsel advised the court that Smith's counsel from a state court action had filed an appearance on Smith's behalf. Defense counsel questioned whether Smith was eligible for recruited counsel in her federal lawsuit. The court asked recruited counsel to investigate the circumstances surrounding the retention of counsel and to determine if his client's financial situation had changed.

On July 1, 2015, the court held another status hearing. Smith's counsel in the state court case appeared and indicated that Smith had retained her pursuant to a contingency fee arrangement. She also stated that she was not a member of the federal trial bar and wanted to observe as she had no federal court experience. Recruited counsel in this case, through a colleague appearing on his behalf, indicated that he was willing to continue with the appointment. Counsel for Adams & Associates agreed that Smith was financially eligible for recruited counsel but nevertheless objected to allowing Smith to proceed with both retained and appointed counsel. The court denied Adams & Associates' oral motion to remove recruited

counsel from this case based on the lack of any change in Smith's financial circumstances, the scope of retained counsel's voluntary work in this case in connection with her contingency fee representation in another case, the fact that retained counsel was not a member of the federal trial bar, and the court's belief that recruiting counsel for Smith was appropriate and necessary given the nature of Smith's allegations about workplace discrimination. (Dkt. 41.) During the July 1, 2015 status hearing, the parties agreed to stay discovery pending resolution of Adams & Associates' motion to compel arbitration.

## II. LEGAL STANDARD

The FAA reflects a "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Thus, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations." *Id.*; *see also AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, —, 131 S.Ct. 1740, 1748 (2011) (the "principal purpose" of the Federal Arbitration Act ("FAA") is "to ensur[e] that private arbitration agreements are enforced according to their terms."). "Notwithstanding this strong federal policy, however, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *In re Liberty Refund Anticipation Loan Litig.*, No. 12 CV 2949, 2014 WL 3639189, at *2 (N.D. Ill. July 23, 2014) (internal quotations omitted).

## II. DISCUSSION

Smith concedes that the employment agreement that she signed "contains a provision requiring that employment issues, including claims of discrimination, be arbitrated." (Pl.'s

Resp., Dkt. 42, at 1.) Nevertheless, she contends that Adams & Associates waived its right to arbitrate by choosing to proceed in this federal forum and defend against Smith's claims.

**A.      Waiver – A Question for the Arbitrator or the Court?**

Generally, courts resolve disputes about arbitrability, such as whether an arbitration clause is binding, and arbitrators "decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration," such as waiver, notice, laches, and estoppel. *Martinez v. Utilimap Corp.*, No. 3:14-CV-310-JPG-DGW, 2015 WL 3932151, at *8 (S.D. Ill. June 25, 2015) (citing *BG Group, PLC v. Republic of Arg.*, 134 S.Ct. 1198 (2014)). "The proper course of action, however, is not so clear when the issue is waiver by participation in litigation activity." *Id*. The circuits are split on whether courts or arbitrators determine whether waiver has occurred, and guidance from the Seventh Circuit on this issue is inconsistent. *Id*. (collecting cases).

In its reply addressing Smith's waiver by participation argument, Adams & Associates does not contend that an arbitrator should determine if it waived its right to enforce the arbitration clause. Thus, Adams & Associates has waived any argument that waiver must be determined by the arbitrator. *Id*. The court will determine this issue.

**B.      Waiver by Participation**

"[W]aiver is not lightly inferred; the strong federal policy favoring enforcement of arbitration agreements impresses upon a party asserting waiver a heavy burden." *Honomichl v. Integrated Int'l Payroll Ltd.*, No. 09-CV-7218, 2010 WL 2025395, at *6 (N.D. Ill. May 21, 2010) (quoting *Williams v. Katten, Muchin & Zavis,* 837 F.Supp. 1430, 1442 (N.D. Ill. 1993)); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 590 (7th

Cir. 1992). When considering if a party waived the right to arbitrate, the court must consider if "the totality of the circumstances" demonstrates that the "party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citing *Sharif v. Wellness Int''l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)). "[D]iligence or the lack thereof should weigh heavily in the decision." *Id*. Other relevant factors include whether the party seeking to enforce an arbitration clause "participated in litigation, substantially delayed its request for arbitration, or participated in discovery" and whether the party opposing arbitration "was prejudiced by its reliance on the litigious behavior of the waiving party."

In addition, when evaluating whether a party relinquished its right to arbitrate, the court should consider whether its conduct was "merely responsive." *Honomichl*, 2010 WL 2025395, at *6 (quoting *Edward Elec. Co. v. Automation, Inc.*, 518 N.E.2d 172, 177 (Ill. App. Ct. 1st Dist.1987)). Thus, the filing of a motion to dismiss does not waive the right to arbitrate. *Kawasaki*, 660 F.3d at 995-96; *Faulkenberg v. CB Tax Franchise Sys.*, 637 F.3d 801, 807 (7th Cir. 2011); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004); *see also Martinez*, 2015 WL 3932151, at *9 (collecting cases). Similarly, filing a responsive pleading and complying with obligations imposed by court rules does not waive the right to arbitrate. *Honomichl*, 2010 WL 2025395, at *6 (collecting cases). Ultimately, determining whether a party waived its right to arbitrate is a case-specific inquiry. *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 892 (N.D. Ill. 2014).

Here, Smith filed a pro se complaint in July 2014. (Dkt. 1.) In October 2014, Adams & Associates and its president, Roy Adams (who is no longer a party to this case) filed a Rule

12(b)(6) motion to dismiss. (Dkt. 15.) The court recruited counsel, who filed an amended complaint naming Adams & Associates as the sole defendant on December 12, 2014. (Dkt. 29.) Adams & Associates filed an answer and affirmative defenses in January 2015. (Dkt. 31.) The court held a status hearing on February 19, 2015 and set a fact discovery cutoff of June 20, 2015, and a further status date. (Dkt. 32.) On June 4, 2015, almost a year after Smith first filed suit and several weeks before the discovery cutoff, Adams & Associates first voiced its belief that Smith was required to arbitrate by filing a motion to compel arbitration. (Dkt. 36.)

Thus, Adams & Associates did not demand arbitration at or near the start of this case. *See Paragon Micro*, 22 F. Supp. 3d at 893 (describing the defendants' consistent effort to demand arbitration, beginning nine days after the plaintiff filed a federal lawsuit). In addition, the court set discovery dates well before Adams & Associates filed its motion to compel arbitration. *See Davis v. Fenton*, 26 F. Supp. 3d 727, 744 (N.D. Ill. 2014) (finding no waiver when the defendants raised the issue of arbitration in a status report and "filed their motion to stay in the incipient stages of the litigation process, before any substantive motions had been filed or any substantive rulings had been made and before discovery had been initiated").

"Participation in litigation is a relevant factor so that the proper forum for a dispute is established early and so that parties are prevented from waiting to see how they fare in a judicial forum before choosing arbitration." *Traeger v. Am. Express Bank FSB*, No. 13 C 05337, 2014 WL 340421, at *9 (N.D. Ill. Jan. 30, 2014). Adams & Associates has not explained why it raised the arbitration issue almost a year after Smith filed suit.

Moreover, while its motion to compel arbitration was being briefed, Adams & Associates intentionally sought to remove Smith's recruited counsel despite Smith's continued indigency

and the absence of an experienced federal litigator to replace recruited counsel. This position was not merely responsive and had nothing to do with Adam & Associates' desire to arbitrate Smith's employment claims. Instead, it represents an affirmative effort to gain a substantive advantage in the federal court case by attempting to force Smith to proceed either pro se or with an attorney who acknowledged that she was not a member of the federal trial bar and preferred to appear with lead counsel.

Given that the court has not issued any substantive rulings on contested dispositive matters, this case is not substantially advanced. *See Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 965 (N.D. Ill. 2013). Nevertheless, Adams & Associates could have filed a motion to compel arbitration in this 2014 case far earlier. *See Kawasaki*, 660 F.3d at 996 (noting that the defendant's "assertion of its right to arbitrate was not out of the blue" because it "mentioned its desire to arbitrate at every turn" by telling the plaintiff that it wanted to arbitrate the plaintiff's claims and argued to the court "that the dispute belonged in arbitration"); *see also Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 210 (3d Cir. 2010) (a fifteen-month delay in demanding arbitration supported a finding of waiver).

Moreover, the court's interactions with counsel strongly suggest that Adams & Associates made a conscious decision to wait to assert its right to arbitration to secure whatever tactical advantage it could against an indigent plaintiff. *Cf. Martinez*, 2015 WL 3932151, at *9 ("It appears Utilimap's failure to locate the arbitration agreements signed by the plaintiffs was due to a clerical error unrelated to this litigation, not a 'choice' to withhold the agreement until it saw how the litigation fared following the motion to dismiss"). This was not a purely responsive

move; it was an affirmative action taken to advance Adams & Associates' interest in obtaining favorable rulings from this federal tribunal.

The court acknowledges the strong federal policy favoring enforcement of arbitration agreements. *See St. Mary's Med. Ctr.*, 969 F.2d at 590*; Paragon Micro*, 22 F. Supp. 3d at 892. The court does not "lightly infer" waiver. *St. Mary's Med. Ctr.*, 969 F.2d at 590. Nevertheless, Adams & Associates engaged in litigation activity that went beyond merely responding to actions taken by Smith. Adams & Associates delayed in asserting the arbitration clause, acquiesced to the setting of a discovery cut-off, prepared written discovery, and – critically – tried twice to convince the court to jettison Smith's recruited counsel. These activities, viewed together, are consistent with consent to proceed in federal court or, at the least, the desire to determine whether this court or an arbitrator would be the most favorable forum for the defense. *See Martinez*, 2015 WL 3932151, at \*9. They are inconsistent with a desire to obtain the earliest feasible determination of whether Smith's claims must be arbitrated. Adams & Associates must accordingly continue on the path it has chosen and remain in federal court to defend against Smith's claims. The motion to compel arbitration is denied.

### IV. CONCLUSION

For the above reasons, the motion to compel arbitration [36] is denied. A status hearing is set for October 30, 2015, at 9:30 a.m.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: October 9, 2015